JAMES STRATTON *et al., vs.* THOMAS MANCINI.

DECEMBER 20, 1915.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1) Bill of Exceptions. Petition to Establish Truth of Exceptions. Jurisdiction.*

Where a bill of exceptions is not allowed by the justice who presided at the trial, within twenty days after the bill is filed in the clerk's office, and no petition to establish the truth of the exceptions is filed in the Supreme Court within thirty days after the filing of the bill, the court is without jurisdiction in the matter, and the prevailing party is entitled to judgment.

(2)  *Attorney and Client.  Authority of Attorney to Set Aside Judgment.  Conferring Jurisdiction by Agreement.*

Where the statutory steps have not been taken to establish the truth of exceptions, an agreement by the attorney for the prevailing party "that the petition to establish the truth of the exceptions is granted," cannot be considered, since without special authorization therefor it is not within the scope of the authority of the attorney to set aside the judgment.

Whether it is within the power of the party prevailing in the lower court, where proper steps have not been taken by the party excepting to establish the truth of his exceptions, by agreement to give the court jurisdiction to consider the bill of exceptions, is not decided.

TRESPASS ON THE CASE for negligence.  Heard on petition of defendant to establish truth of his exceptions and petition denied.

PER CURIAM.  The above entitled case is before us upon the defendant's petition to establish the truth of his exceptions.

Said case was tried before a justice of the Superior Court and resulted in a verdict for the plaintiffs for two thousand dollars.  The defendant duly filed his motion for a new trial. On April 7, 1915, said motion for a new trial was denied by said justice.  On April 13, 1915, the defendant filed his exception to the decision of said justice denying said motion for a new trial, the defendant also gave notice of his intention to prosecute a bill of exceptions to this court, and a justice of the Superior Court fixed May 29, 1915, as the day on or before which the defendant should file in the clerk's office of the Superior Court his bill of exceptions and transcript of evidence.  Thereafter from time to time justices of the Superior Court, as is permitted by statute, granted to the defendant extensions of time for filing a transcript of the evidence, until on July 21, 1915, a justice of the Superior Court extended the time for filing a transcript of the evidence to July 29, 1915.  On said July 21, 1915, the last mentioned justice of the Superior Court in his order also prescribed that the time for filing a bill of exceptions be extended to August 6, 1915.  The latter portion of the order of said justice

should be treated as surplusage, for under the provisions of Gen. Laws, 1909, Chapter 298, § 17, the defendant was entitled to file his bill of exceptions at any time within ten days after said July 29, 1915, or until the end of August 8, 1915.    On July 28, 1915, the defendant filed in the clerk's office of the Superior Court a transcript of evidence and on July 31, 1915, the defendant filed in said office his bill of exceptions.    The justice of the Superior Court who presided at said trial failed to act upon said bill of exceptions.    If the defendant was aggrieved by the failure of said justice so to act, in order to bring his bill of exceptions before this court the defendant was required by the provisions of Gen. Laws, 1909, Chapter 298, § 21, to file his petition in this court that the truth of the exceptions be established before this court. The defendant failed to file such petition in this court within thirty days after filing his bill of exceptions on July 31, 1915, in the Superior Court.    He did file such petition in this court on September 9, 1915, too late to avail himself of the provisions of Gen. Laws, 1909, Chapter 298, § 21.    This court has held in a number of cases that if a bill of exceptions is not allowed by the justice who presided at the trial in the Superior Court within twenty days after said bill is filed in the clerk's office and no petition to establish the truth of the exceptions is filed in this court within thirty days after said bill is filed in the clerk's office then we have no jurisdiction in the matter; and the party having a verdict is entitled to have judgment in his favor entered in the Superior Court as if notice of intention to prosecute a bill of exceptions had not been filed.

Our attention is called to a written agreement, on file in the case, signed by the plaintiffs' attorney, in which it is agreed that the entry be made "that the defendant's petition to establish the truth of his exceptions is granted."    In the premises, at the end of thirty days after the filing of the bill of exceptions the plaintiffs' right to judgment became absolute.    Without determining as to the power of the plaintiffs themselves by agreement to give this court juris-

diction to consider the defendant's bill of exceptions, we must hold that without special authorization therefor it is not within the scope of the authority of the plaintiffs' attorney to set aside the plaintiffs' judgment. Before we could consider such agreement such special authorization must be made to appear.

The defendant's petition is denied and dismissed. The papers in the case which have been certified to this court are ordered to be transmitted to the Superior Court.

*William R. Champlin,* for plaintiffs.

*Anthony V. Pettine,* for defendant.